IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BLONDELL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-162 |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant.[1] | ) | |

**O R D E R**

Blondell Williams appeals the decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSES** the Commissioner's final decision and **REMANDS** the case to the Commissioner for further consideration in accordance with this opinion.[2]

I.   **BACKGROUND**

Plaintiff applied for DIB on March 8, 2023, alleging a disability onset date of January 13, 2023. Tr. ("R."), pp. 10, 65, 183, 241. Plaintiff was fifty-nine years old on her alleged onset date,

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Frank Bisignano, Commissioner of Social Security Administration, as the proper Defendant.

[2]The parties have consented to having a Magistrate Judge conduct all proceedings, including the entry of final judgment. (See doc. nos. 10, 11.)

and was sixty-one years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 25, 180. Plaintiff alleged disability based on: blind or low vision, musculoskeletal disorder (neck, shoulder, knees), back disorder, fibromyalgia, generalized anxiety disorder, and post-traumatic stress disorder. R. 66, 231. Plaintiff reported obtaining a four-year college degree in business management, (R. 39), and performing twenty-years of active military service, (R. 41, 69). Prior to her alleged disability date, Plaintiff had also accrued a history of past relevant work that included administrative assistant and family readiness support assistant. R. 24, 40-42, 284.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 89-92, 96-98. Plaintiff requested a hearing before an ALJ, (R. 99-102), and the ALJ held a hearing by telephone on June 4, 2024, (R. 34, 37). Represented by counsel,[3] Plaintiff appeared and testified, as did a vocational expert ("VE"). R. 34-58. On July 5, 2024, the ALJ issued a decision finding Plaintiff not disabled.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027, and has not engaged in substantial gainful activity since January 13, 2023, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

2. The claimant has the following severe impairments: cervical degenerative disc disease; lumbar radiculopathy; left shoulder osteoarthritis; right foot osteoarthritis; neuropathy; plantar fascial fibromatosis; fibromyalgia; sleep apnea; and obesity (20 C.F.R. 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). 404.1525, and 404.1526).

---

[3]Plaintiff is represented by a different attorney in these federal court proceedings.

    4.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b),[4] including the ability to occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; sit for six hours and stand and/or walk for six hours. Additionally she can frequently use push/pull foot and hand controls. She could frequently reach, handle, and finger. The claimant can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; never balance, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can work at unprotected heights occasionally and near moving mechanical parts occasionally. The claimant is capable of performing past relevant work as an administrative assistant because this work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565).

R. 13-24.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from January 13, 2023, the alleged onset date, through the date of the administrative decision, July 5, 2024. R. 24-25. When the Appeals Council denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of

---

[4]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

that adverse decision. Plaintiff argues the administrative decision is not supported by substantial evidence because the ALJ failed to articulate an evaluation of the consistency and supportability of the medical opinion of Tammara G. Bryan, Ph.D., thereby failing to explain why Dr. Bryan's overall opinion was "mostly persuasive" but "less persuasive" regarding the mild to moderate social interaction limitation. See Pl.'s Br., doc. no. 9; Reply Br., doc. no. 17. Moreover, the ALJ failed to include any mental limitations in the RFC despite the mild to moderate limitations found by Dr. Bryan and apparently accepted as "mostly persuasive," including an opinion that Plaintiff could understand and follow through with simple instructions but was mildly limited in her ability to follow through with more detailed and multi-step instructions. See Pl.'s Br.; Reply Br. The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 16.

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

The case should be remanded because the ALJ failed to adequately explain how he developed an RFC for Plaintiff without any mental limitation and determined she could perform past relevant work with a specific vocational preparation (SVP) of 7, which Social

Security Ruling (SSR) 00-4p explains corresponds to skilled work under 20 C.F.R. § 404.1568(c) that may require mental functioning "at a high level of complexity."[5] The ALJ reached this conclusion despite accepting as "mostly persuasive" Dr. Bryan's opinion that Plaintiff's ability to understand and follow through with simple instructions was not impaired, but her ability to follow through with detailed and multi-step instructions was mildly impaired. R. 22-23.

### A.    Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments."  Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing and pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes,

---

[5]The DOT (Dictionary of Occupational Titles) lists a SVP for each described occupation. "Using the skill level definitions in 20 C.F.R. 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT."  SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).  "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b).  Skilled work at an SVP of 7 "may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  Id. § 404.1568(c).

appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

On the way to formulating an RFC at step four of the sequential process, the ALJ must identify any severe impairments at step two. The regulations instruct that a severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1522(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs," including, relevant to this case, "[u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; and [r]esponding appropriately to supervision, co-workers and usual work situations." Id. § 404.1522(b). Even when the ALJ does not identify an impairment as severe at step two of the sequential evaluation process, the ALJ must consider all impairments in combination during the remaining steps of the sequential process. See Nichols v. Comm'r, Soc. Sec. Admin., 679 F. App'x 792, 797 (11th Cir. 2017) (*per curiam*) (explaining ALJ has duty to consider all claimant impairments in combination, "even when the impairments considered separately are not severe" (citations omitted)); see also Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) (finding no error at step two where ALJ identified status-post cervical fusion but not separately diagnosed chronic back pain as a severe impairment because ALJ continued on to consider all impairments in combination, including claimant's subjective complaints, limitations, and diagnoses related to pain during remaining steps of sequential process). Thus, even though

7

the ALJ did not find Plaintiff had any severe mental impairments at step two, he was required to consider all mental impairments – including all mild mental restrictions he found persuasive or mostly persuasive as stated by Dr. Bryan and the DDS psychological consultants. R. 14, 23 (citing Exs. 2A & 3A (R. 66-80); Ex. 13F (R.1083-85)).

>  **B.     The ALJ Failed to Sufficiently Explain His Rationale Supporting an RFC that Did Not Include Any Mental Limitations**

Though the Court's review of the administrative decision is deferential, the "ALJ must state with at least some measure of clarity the grounds for [his] decision, and [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusions.'" Brightmon v. Soc. Sec. Admin., Comm'r, 743 F. App'x 347, 351 (11th Cir. 2018) (*per curiam*) (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)). Stated otherwise, the Court is not to be a rubber stamp when reviewing the administrative record and must "scrutinize the record as a whole to determine whether the conclusions reached are rational." Winschel, 631 F.3d at 1179 (citation omitted). "A decision is not supported by substantial evidence if the ALJ 'reached the result that he did by focusing on one aspect of the evidence and ignoring other parts of the record." Brightmon, 743 F. App'x at 351 (citing McCruter, 791 F.2d at 1548).

Here, there is no dispute the ALJ recognized Plaintiff's medically determinable mental impairments of generalized anxiety disorder, post-traumatic stress disorder, and major depressive disorder, but the ALJ also determined these mental impairments were non-severe at step two of the sequential process. R. 13-14; Comm'r Br., p. 12. There is also no dispute the ALJ found mild limitations in the Paragraph B, broad functional areas of interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. R. 14-15; Comm'r Br., pp. 12-13. Both Plaintiff and the Commissioner also agree an ALJ is not required by agency

regulations or Eleventh Circuit case law to include all mild limitations from the Paragraph B criteria in the RFC. Pl.'s Br., pp. 15-16 (citing Lorie W. v. Comm'r of Soc. Sec., No. 3:20-cv-00056, 2021 WL 9700602, at *10 (N.D. Ga. Sept. 30, 2021)); Comm'r Br., p. 13. Rather, the ALJ is required to *consider* all impairments – severe and non-severe – when formulating the RFC. See Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019) ("To support his conclusion that [the claimant] was able to return to his past job . . . . the ALJ was required to consider all the duties of that work and evaluate [the claimant's] ability to perform them despite his impairments.").

Which brings the Court to the crux of the argument: having considered all of Plaintiff's impairments in combination, including her non-severe mental impairments, did the ALJ provide an adequate rationale for not including any mental restrictions in the RFC? As succinctly summarized by Plaintiff:

> Dr. Bryan clearly opined that while Plaintiff may be able to handle simple tasks, she was limited in her ability to follow through on complex ones. R 1085. Yet the ALJ finds she has *no* limitation in her abilities to understand, remember, or apply information and then offers zero reviewable explanation as to this inconsistency. The ALJ offers no explanation why Dr. Bryan's opinions (which he finds "mostly persuasive") did not provide support for additional limitations in Plaintiff's mental RFC.

Pl.'s Br., p. 15.

In a nutshell, the Court is faced with a record in which Dr. Bryan's limitations and those recognized by the DDS examiners, accepted as persuasive and mostly persuasive by the ALJ, were more limiting than the RFC, but there is no reviewable explanation as to why. The ALJ acknowledged the broad functional areas of Paragraph B criteria, reviewed as part of the severity evaluation of mental impairments at steps two and three of the sequential process, do not require

as detailed an analysis as that for the required mental RFC assessment conducted at steps four and five of the process. R. 15. Yet the evaluation of Dr. Bryan's opinion at step four, particularly with respect to the unimpaired "ability to understand and follow through with simple instructions" but mildly impaired ability to "follow through with more detailed and multistep instructions," (R. 22), is little more than a recitation or summary of the doctor's opinions rather than a reviewable administrative finding. See Schink, 935 F.3d at 1269 (explaining mere mention of mental condition in RFC section insufficient because "decision contains no real discussion of how mental condition affected" RFC and were "purely biographical").

In reviewing Dr. Bryan's opinion, the ALJ repeatedly referenced "mostly normal signs and findings" without pointing to any specific information. R. 23. Likewise, the ALJ failed to explain how Plaintiff's ability to participate in a wide range of activities of daily living such as taking care of a dog, driving, shopping in stores and by phone, and performing minor household chores, (R. 14, 23), supports a finding of *no* mental limitations, let alone that these activities show she has an ability to understand, remember, or apply information as would be required by her skilled, SVP 7 past relevant work. See Schink, 935 F.3d at 1269 (requiring ALJ to explain "more detailed assessment" required at step four regarding limitations on work-related mental capacities rather than allow general, non-specific assumptions based on broad functional criteria considered at steps two and three). Similarly, when discussing the opinions of the DDS examiners at step four of the sequential process, the ALJ reverted back to his prior discussion at step two, (R. 23), without providing any "more detailed analysis." The ALJ generally referenced "consistency in the signs and findings of multiple mental status evaluations," general consistency with the opinions of Dr. Bryan, and consistency with "other evidence, such as the wide range of activities of daily living,"

none of which provide any detailed analytical information for the Court to review as it pertains to acknowledged mental impairments impacting – or not impacting – Plaintiff's ability to perform her past relevant, skilled work.[6]

The lack of reviewable explanation is all the more troubling because the ALJ found Plaintiff not disabled based on an ability to perform her past relevant work as an administrative assistant, DOT Job # 169.167-010, with an SVP of 7,[7] which "may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c); SSR 00-4p, 2000 WL 1898704, at *3; R. 52. When the ALJ posed a hypothetical to the VE concerning an individual limited to simple, routine tasks, and asked whether that individual would be able to perform Plaintiff's past relevant work as an administrative assistant, the response was, "No." R. 56. Thus, on the one hand, the ALJ apparently accepted – or perhaps did not – that Plaintiff had an impairment following through with detailed multi-step instructions, but then determined without reference to any mental impairment that Plaintiff could return to past work that may require working at a high level of complexity.

The Commissioner's reliance on Arce v. Comm'r of Soc. Sec., No. 23-11315, 2024 WL 36061 (11th Cir. Jan. 3, 2024) (*per curiam*), for the proposition the ALJ here committed no error because he discussed Plaintiff's mental impairments at step four, thereby showing he considered

---

[6] For the sake of completeness, the Court notes one of the DDS examiners upon which the ALJ relied to determine Plaintiff could perform her past relevant work considered DOT Job #219.362-010, which has an SVP of 4 and equates to semi-skilled work. R. 23 (citing Ex. 2A, R. 72); https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT02A; 219.362-010 Administrative Clerk (last visited June 16, 2025). Notably, however, at the hearing, the ALJ, VE, and Plaintiff specifically discussed Plaintiff's job duties and determined the appropriate job title was Administrative Assistant, DOT 169.167-010, SVP 7. R. 51-52.

[7] https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT01E; 169.167-010 Administrative Assistant (last visited June 16, 2025).

them in formulating the RFC, misses the mark. Comm'r's Br., p. 13. While it is true the Arce opinion explained the error as one of the ALJ limiting the RFC assessment to physical impairment and omitting any consideration of mental impairment, the opinion also specifically relied on Schink, *supra*, and the need for "a more detailed assessment" of mental impairments at step four than at step two. Arce, 2024 WL 36061, at *2. Thus, while the requirement is for consideration of mental impairments, not necessarily inclusion, when formulating the RFC at step four, Arce does not stand for the proposition any mention of mental impairments at step four is sufficient. Similarly, the Commissioner points to Faircloth v. Comm'r of Soc. Sec., Case No. 6:21-cv-782, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022), as support for the general proposition that mild mental limitations identified at step two do not necessarily require the inclusion of mental limitations in the RFC. Comm'r's Br., pp. 13-14. But Faircloth does not excuse the requirement that the more detailed consideration at step four provide a reason for omitting the otherwise "considered" mental impairments. Moreover, while the Eleventh Circuit has previously ruled that a statement by the ALJ that he "considered all symptoms" was sufficient, Tuggerson-Brown v. Comm'r of Soc. Sec., 572 F. App'x 949, 952 (11th Cir. 2014) (*per curiam*), more recent case law suggests such a broad statement may not suffice when the substance of the decision demonstrates otherwise. Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) ("[A]lthough the ALJ stated he 'considered all symptoms,' his decision demonstrates that he did not."). Here, the ALJ's opinion shows he "considered" Plaintiff's mental impairments at step four by mentioning them, but the opinion lacks the necessary explanation showing how he arrived at an RFC with no mental impairments after this consideration.

In sum, the Court finds the ALJ failed to provide the requisite "sufficient rationale linking the record evidence to the RFC determination." Weber v. O'Malley, No. 8:23-cv-2723, 2024 WL 4589790, at *4 (M.D. Fla. Oct. 28, 2024) (collecting cases). In the absence of the requisite clear explanation of the ALJ's reasoning linking the record evidence to the RFC determination which included no mental limitations and allowed for a return to skilled, past relevant work despite a limitation on following through with detailed and multi-step instructions, the case should be remanded. Weidlich v. Comm'r of Soc. Sec., No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (*per curiam*) ("Substantial evidence cannot support the ALJ's decision without a clear explanation."); Schink, 935 F.3d at 1269 ("[T]he ALJ's failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own right." (internal quotations and citation omitted)); see also Wiggins, 679 F.2d at 1389 ("Failure . . . to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." (footnote omitted)).

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's application. Indeed, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027,

1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). For the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted.

The Court need not address Plaintiff's remaining contentions, including any alleged error regarding the ALJ's rationale for rejecting the social interaction limitation in Dr. Bryan's otherwise "mostly persuasive" opinion. See Pupo, 17 F.4th at 1066 n.4 (offering no opinion on all alleged errors where remand required on two of four issues but instructing reconsideration of applications on remand based on entire record); Demenech v. Sec'y of Dep't of Health and Hum. Servs., 913 F.2d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail). Of course, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, pursuant to sentence four of 42 U.S.C. § 405(g), the Court **REVERSES** the Commissioner's final decision and **REMANDS** this case to the Commissioner for further consideration in accordance with this opinion.

SO ORDERED this 16th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA